UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:                      ) | |
|     BALZARINI REALTY, LLC,     ) | CHAPTER 11 |
|         DEBTOR               ) | DOCKET NUMBER: 16-10005 FJB |
|                      ) | |

**BALZARINI REALTY, LLC- DOCKET #16-10005 FJB**

**SECOND AMENDED PLAN OF REORGANIZATION**

Respectfully Submitted,
Balzarini Realty, LLC,
By its Counsel,

Dated: April 21, 2017

/s/ Laurel E. Bretta
Laurel E. Bretta, Attorney
Bretta Law Advisors, P.C.
77 Mystic Avenue
P.O. Box 110
Medford, Massachusetts 02155
(781) 395-1545
Email: bglaw@lbretta.com
BBO # 547358

**BALZARINI REALTY, LLC- DOCKET # 16-10005FJB**
**TABLE OF CONTENTS**

**PLAN OF REORGANIZATION**

A.    **INTRODUCTION**................................................................ 1

B.    **DEFINITIONS** ................................................................. 1

C.    **TREATMENT OF CLAIMS, CLASSES, AND EQUITY INTERESTS**

     1.    Unclassified Claims ............................................. 6

          3.01. Administrative Tax Claims........................... 6

          3.02. Administrative Expense Claims.................... 6

          3.03. Professional Administrative Claims ............ 6

          3.04. Ordinary and Consumer Debt Claims.......... 7

          3.05. Payment of U.S. Trustee's Quarterly Fees.................. 7

          3.06. Priority Tax Claims..................................... 7

     2.    Classified Claims & Equity Interest ..................... 8

          3.07. Class One ................................................... 8

          3.08. Class Two.................................................... 8

          3.09. Class Three.................................................. 8

          3.10. Description of Claims and Interests and provide
               treatment under Plan .......................................... 8

D.    **TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES**    ..................................................................... 10

E.    **MEANS AND PROVISIONS FOR EFFECTUATING AND
EXECUTING THE PLAN**............................................... 10

          5.01. Ordinary Course Business Obligations........... 10

5.02. Plan and Modified Secured Claim Payments ................ 10

5.03. Participation in Distribution ......................................... 10

5.04. Confirmation ................................................................ 11

5.05. Effective Date ............................................................. 11

5.06. As of the Confirmation ............................................... 11

5.07. Modification ................................................................ 11

5.08. Discharge of Debts after all Plan Payments ................. 11

5.09. Discharge of Debts Under Other Circumstances ......... 11

F.    **RETENTION OF JURISDICTION**............................................. 12

G.    **CRAM DOWN PROVISIONS UNDER 11 U.S.C. § 1129**........... 13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BALZARINI REALTY, LLC, ) | CHAPTER 11 |
| Debtor ) | DOCKET NUMBER: 16-10005FJB |
| ) | |

## SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

### A. INTRODUCTION

Balzarini Realty, LLC, ("Debtor"), hereby proposes the following Second Amended Chapter 11 Plan of Reorganization (the "Plan") to its creditors and interest equity holders pursuant to §1121(a) of Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code"). All creditors who hold an allowed claim will be paid as follows:

<u>Class 1 Claims</u>:     one hundred (100%) percent of the secured claim will be paid in equal monthly payments over twenty-five (25) years at five and one-quarter (5.25%) percent interest, with escrows.

<u>Class 2 Claims</u>:     will be paid two and a half (2.5%) percent of their claim thirty (30) days after the Effective Date of the Plan. This sum shall include only allowed general unsecured claims and undersecured claims.

<u>Class 3 Claims</u>:     the Equity Holders shall not be paid a dividend.

### B. DEFINITIONS

**Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

2.01. **Administrative Claim** shall mean the costs and expenses of administration of the Chapter 11 case as allowed under § 503(b) of the Code, including, without limitation, any actual, necessary costs and expenses of preserving or operating the Debtor's estate, and all allowances of compensation and reimbursement of expenses to the extent allowed by the Bankruptcy Court under § 330 of the Code.

2.02 **Allowed Claim** shall mean any claim proof of which was filed on or before the Bar Date, or that has been, or hereafter is, listed by the Debtor-in-Possession as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance

1

thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Code or an order of the Court, or as to which any objection has been determined by an order of judgment that is no longer subject to appeal or certiorari proceeding, and as to which no appeal or certiorari proceeding is pending, after giving effect to any such order or judgment reducing or modifying such Claim. Unless otherwise specified and in accordance with applicable laws, no allowed secured Claim shall include any component of interest on the principal amount of such claim as the Debtor is insolvent.

2.03. **Allowed Amount** means (a) the amount of a claim that has been allowed by a Final Order; or (b) the amount of a claim timely filed with the Clerk of the Court or that is listed by the Debtor in their schedules of assets and liabilities filed with the Court (as they may be amended or supplemented from time to time in accordance with Rule 1009 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") as undisputed, non-contingent and liquidated as to which claim (I) no objection has been filed within any period of limitation fixed by the Code, the Bankruptcy Rules, or order of the Court, or (II) any objection has been overruled or denied by a Final Order, or (III) the amount of a claim for an administrative expense as to which (I) or (II) above apply, or with respect to fees and expenses of professional persons, the amount of such fees and expenses allowed by a Final Order.

2.04. **Ballot Date** shall mean the date set by the Bankruptcy Court by which all votes for acceptance or rejection of the Plan must be received by the Bankruptcy Court or the balloting agent, as the case may be on or before. See notice and ballot attached.

2.06. **Bar Date** shall mean the last day for filing claims in this proceeding, fixed by this Court pursuant to Rule 3003(c)(3) of the Rules of Bankruptcy Procedure. The ordered Bar Date for all claims, except government claims, was March 4, 2016.

2.07. **Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

2.08. **Claim** shall mean any claim of whatever character against the Debtor, whether or not such claim is: provable under §502 of the Bankruptcy Code; reduced to judgment; liquidated or un-liquidated; secured or unsecured; fixed or contingent; matured or un-matured; disputed or undisputed; a legal claim or a claim to an equitable remedy for breach of performance, if such breach gives rise to a right to payment.

2.09. **Claimant** shall mean any person having a Claim against the Debtor that arose on or before the Filing Date or a Claim against the Debtor's estate of a kind of specified in §502(g), (h) or (I) of the Code.

2.10. **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Massachusetts govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

2

2.11. **Priority Claimant** shall mean the holder of an Allowed Priority Claim.

2.12. **Class** shall mean the category of holders of Claims that are substantially similar to the other Claims in such category.

2.13. **Code** means the United States Bankruptcy Code, Title 11 of the United States Code, as enacted in 1978 and as thereafter amended.

2.14. **Confirmation** shall mean the date on which the Debtor's proposed Plan of Reorganization is confirmed by order of the Bankruptcy Court.

2.15. **Counsel** shall mean Laurel E. Bretta, Bretta Law Advisors, P.C. located at 77 Mystic Avenue, Medford, Massachusetts 02155.

2.16. **Court** shall mean the United States Bankruptcy Court for the District of Massachusetts, Eastern Division including the Honorable Frank J. Bailey, the United States Bankruptcy Judge presiding therein.

2.17. **Creditor** shall mean anyone asserting a claim against Balzarini Realty, LLC.

2.18. **Debtor** shall mean Balzarini Realty, LLC

2.19. **Disallowed Claim** means any Claim or portion thereof which has been disallowed by a Final Order.

2.20. **Disclosures Statement** shall mean the Disclosure Statement approved for distribution by the Bankruptcy Court pursuant to §1125 of the Code together with any amendments or modifications thereto.

2.21 **Disbursing Agent** shall mean Attorney Laurel E. Bretta, Bretta Law Advisors, P.C.., Counsel for the Debtor.

2.22. **Distribution(s)** means the payments(s) of Cash which are required by this Plan to be distributed to the holders of Allowed Claims.

2.23 **Effective Date** shall mean no earlier than thirty (30) days following the first business day following the last day on which an appeal from an order of the Court confirming the Debtor's Plan of Reorganization may be taken under applicable law and no such appeal has been taken or, if any appeal has been taken, the first business day following the date upon which all appeals have been exhausted and the Plan may be put into effect, whichever is later. For purposes of distribution other than to creditors who have received payment of Adequate Protection during the pre-confirmation period, the phrase "paid upon the Effective Date" shall mean on the Effective Date or within a reasonable period thereafter so as to allow the writing and mailing of dividend checks. For the creditors who have received payment of Adequate Protection, monthly debt

service shall commence on the fifteenth (15th) day of the first month following the payment of the final Adequate Protection which occurred before the last day on which an appeal from an order of the Court confirming the Debtor Plan of Reorganization may be taken under applicable law and no such appeal has been taken or, if any appeal has been taken, the first business day following the fifteenth (15th ) day of the month after all appeals have been exhausted and the Plan may be put into effect, which is later.   Payment of Adequate Protection shall not be suspended during the appeal period.

2.24.  **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

2.25.  **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

2.26.  **Estate** means all legal or equitable interests of the Debtor in property as of the commencement of the Case, together with such other rights and interests as are described in § 541 of the Code.

2.27.  **Executory Contract** shall mean an pre-petition executory contract or unexpired leases of the Debtor within the meaning of §365 of the Bankruptcy Code.

2.28.  **Fair Market Value** shall mean the most probable price, as of a specified date, in cash, or in terms equivalent to cash, or in other precisely revealed terms for which the specified property right should sell after reasonable exposure in a competitive market under all conditions requisite to a fair sale, with the buyer and seller each acting prudently, knowledgeably, and for self-interest, and assuming that neither is under undue duress.

2.29.  **Federal Rate** shall mean the federal rate of interest on judgments in this jurisdiction.

2.30.  **Filing Date or Petition Date** shall mean January 4, 2016, the date on which the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

2.31.  **Final Order** shall mean an order judgment or decree of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with Rule 8002 of the Rules of Bankruptcy Procedure and any applicable local procedural rule.

2.32.  **Impaired Class** shall mean any Class whose members are holders of Claims or Interests, which are impaired within the meaning of § 1124 of the Code.

2.33.  **Lien** shall mean any charge against or interest in property to secure payment of a debtor or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, and statutory lien as defined in 11 U.S.C. § 101.

4

2.34.  **Liquidation Value** shall mean the price that an owner is compelled to accept when a property must be sold without reasonable market exposure.

2.35.  **Plan** means this Plan of Reorganization proposed by the Debtor, to its creditors pursuant to §1121 of the Code, and includes any subsequent modification or amendment, which is approved by the Court.

2.36.  **Professional** shall mean: (i) any professional retained in the Chapter 11 Case pursuant to an order of the Bankruptcy Court in accordance with §327 or 1103 of the Code; (ii) any attorney or accountant seeking compensation or reimbursement of expenses pursuant to §503(b) of the Code; and (iii) any entity whose fees and expenses are subject to approval by the Bankruptcy Court as reasonable pursuant to §1129(a)(4) of the Code.

2.37.  **Prime Rate** shall be the prime rate of interest as published in the WALL STREET JOURNAL on the date the Confirmation Order is entered by the Bankruptcy Court.

2.38.  **Pro Rata** shall with respect to any holder of an Allowed Claim, a fraction, the numerator of which is the amount of the holder's Allowed Claim and the denominator of which is the aggregate amount of all Claims in the same class filed or deemed filed as of Confirmation, whether or not such claims are then or later allowed.

2.39   **Proof of Claim** means the proof of claim filed with the Bankruptcy Court pursuant to Code §s 365 and 501 and Fed. R. Bankr. P. 3002 and 3003.

2.40.  **Severability.**   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

2.41.  **Schedules** mean the Schedules of Assets and Liabilities filed by the Debtor in its case, as the same may have been amended from time to time.

2.42.  **Secured Claim** shall mean any Allowed Claim with respect to which a Security Interest is held in or against any property of the Debtor' estate, to the extent of the value of such Creditor's Interest in the estate's interest in such property.  If the value of such creditor's interest is less than the amount of the Allowed Claim held by it, then such Creditor shall hold an Unsecured Claim for such deficiency amount.

      a.     **Secured Creditor** shall mean any Creditor holding a Secured Claim as defined in

      b.     **Undersecured Creditor** shall mean any Creditor holding a Secured Claim as well as an undersecured claim.

2.44.  **Security Interest** shall mean a lien (as such term is defined in §101(31) of the Code) on any property of the Debtor' estate.

5

2.45. **Tax Claim** shall mean an unsecured Claim for taxes entitled to priority under § 507(a)(8) of the Code.

2.46. **Unimpaired Creditor** shall mean a Creditor whose interest is not materially and adversely affected by this Plan. In the event of controversy, the Court shall, after hearing and upon notice, determine whether any Creditor or class of Creditors is an Unimpaired Creditor.

## C. TREATMENT OF CLAIMS, CLASSES, AND EQUITY INTERESTS

### 1. Unclassified Claims:

Certain types of claims are automatically entitled to specific treatment under the Bankruptcy Code. Thus, they are not considered impaired, and holders of such claims do not get classified in classes and do not vote on the Plan. Nevertheless, they may object to the Plan if, in their view, their treatment under the Plan does not comply with that which is required by the Bankruptcy Code. Thus, the Debtor, pursuant to §1123(a)(1), have not placed the following claims in any class.

3.01. **Administrative Tax Claims**: There are no known administrative tax claims. However, all Administrative Tax Claims are to be paid in full on the Effective Date pursuant to §1129(a)(9)(A) of the Bankruptcy Code.

3.02. **Administrative Expense Claims**: There are no known Administrative Expense Claims. However, each holder of an administrative expense claim allowed under §503 of the Bankruptcy Code will be paid in full on the effective date of this Plan in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03. **Professional Administrative Claims**: In this case, the sole professional employed by the Debtor has been Attorney Laurel E. Bretta, Bretta & Grimaldi, P.A. as Counsel to the Debtor. In order to be compensated, the Debtor's Counsel will have to apply to the Court for compensation and will be paid that amount which the Court allows. The current administrative fees in the Debtor's case as of the time of the filing of this Plan amount to an estimated twelve thousand ($12,000.00) dollars.[1] The *estimated* amount of additional administrative costs may amount to five thousand ($5,000.00) dollars.

This administrative claim, to the extent allowed by the Court, and upon agreement with Debtor, will be paid in full within thirty (30) days of the Effective Date and consists of post-petition fees and expenses, as allowed by the Court, to the professional employed upon Court authority to render services to the Debtor during the course of the Chapter 11 case.

Counsel to the Debtor will accept a lower amount on her claim, for feasibility purposes and if needed, to be payable in a five (5) year period from confirmation of Debtor's Plan. Such payment will be deemed to constitute full satisfaction of the allowed administrative claim of this

---

[1] Expenses of two thousand four hundred ($2,400.00) dollars.

professional. However, according to the financial projections, Debtor will have funds to pay all administrative expenses within thirty (30) days of the Effective Date.

**3.04. Ordinary and Consumer Debt Claims**: Ordinary post-petition trade and consumer debts incurred by the Debtor in the course of its Chapter 11 case have been paid and will be paid on an ongoing basis.

**3.05. Payment of U.S. Trustee's Quarterly Fees**:  All quarterly disbursement fees, arising under 28 U.S.C. §1930 ("Quarterly Fees"), accrued prior to confirmation shall be paid by the Debtor in full, on or before the date of confirmation of the Debtor' Plan.  All Quarterly Fees which accrue post-confirmation shall be paid in full on a timely basis by the Debtor prior to the Debtor's case being closed, converted, or dismissed.  These administrative expenses shall include all quarterly fees owing to the U.S. Trustee through the filing of the Application for Final Decree.  The Debtor shall provide the United States Trustee with Post-Confirmation monthly operating reports and make quarterly payments of the United States Trustee's fees until the case is closed.  The Debtor will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6).  Upon the Effective Date the Debtor will file an Application for Final Decree or, the Debtor will serve the United States Trustee with a monthly financial report for each month (or portion thereof) the case remains open.  The monthly financial report shall include the following:

> 1.A statement of all disbursements made during the course of the month, whether or not pursuant to the Plan;

> 2. A summary, by class, of amounts distributed or property transferred to each recipient under the Plan, and an explanation of the failure to make any distributions or transfers of property under the Plan;

> 3.Debtor's projections as to its continuing ability to comply with the terms of the Plan;

> 4.A description of any other factors which may materially affect the Debtor's ability to consummate the Plan; and

> 5. An estimated date when an application for final decree will be filed with the Court (in the case of the final monthly report, the date the decree was filed).

**3.06. Priority Tax Claims**.  As of the date of the filing of this Plan, there are no known tax claims owed to any governmental entities.  However, the Allowed Amount of any unsecured claim of a governmental unit entitled to priority under §507(a)(8) of the Code shall be paid on such terms as the Debtor and such governmental unit agree or, failing such agreement prior to confirmation, such claims shall be paid in full as provided in §1129(a)(9) by equal deferred cash payments. The Debtor shall pay any Priority Tax Claim through the Plan.

## 2. Classified Claims and Equity Interests:

3.07.  **Class   One**: The claim of MTGLQ Investors, LP, (assigned to Rushmore Loan Management Services, LLC) pertaining to the property at 16 Massasoit Avenue,  Pocasset (Bourne), Massachusetts.

3.08  **Class Two**:  The claim of all *Unsecured General Claims* as allowed under §506 of the Code.

3.09.  **Class Three**:  The claims of all *Equity Interest Holders*.

3.10. **Description of Claims and Interests and provided treatment under Plan**:

*CLASS  ONE:  Secured  claims  against  16  Massasoit  Avenue,  Pocasset  (Bourne), Massachusetts*

*(1)Description of MTGLQ Investors, LP Claim (serviced by Rushmore Loan Management Services, LLC[2]).*

This claim is secured.

    (a) Total Allowed  Claim
        of First Mortgage:              $265,431.72  (through 02/08/2017)

    (b) Post-petition payments due     included above

    (c) Secured Allowed Amount:     $265,431.72 (approximately)[3]

    (d) Equity                  $      0.00

*(2) Impairment.* This class will be impaired.

*(3) Treatment of Secured Claim*:

By Stipulation filed simultaneously herewith, the Debtor will pay the entire secured claim over twenty-five (25) years at a fixed rate of interest of five and one-quarter (5.25%) percent, in equal monthly installments, plus escrows.

---

[2] A Stipulation and Motion to Approve Compromise of Claim are filed simultaneously herewith and are incorporated herewith.
[3] This amount will be adjusted as of the Confirmation Date.

Any sum accruing between February 9, 2017, and before the Confirmation Date shall be added to the principal balance of two hundred sixty-five thousand four hundred thirty-one and 72/100 ($265,431.72) dollars, paid in accordance with this Stipulation.

The Debtor will continue to escrow for real estate taxes and insurance and acknowledges that the current present monthly escrow amount is approximately seven hundred twenty-six 79/100 ($726.79) dollars and that this payment may increase or decrease based upon escrow adjustments.

The creditor waives the 11 U.S.C. §1111(b) election.

The Creditor will report all payments to the appropriate credit agencies and provide monthly statements to the Debtor after confirmation as well as loan tax reporting forms for years 2017 and beyond.

## CLASS TWO: General Unsecured Claims:

(I) *Description.* Class Two (2) consists of all general unsecured claims, as scheduled as undisputed, unliquidated, or as filed and allowed by the Court, against the Debtor of whatever kind or nature which are not included in any other Class, including, without limitation, undersecured claims of secured creditors set forth above. The Debtor estimates the aggregate amount of the general unsecured claims is ninety-two thousand two hundred ($92,200.00) dollars. This sum includes any undersecured portions of the Class One (1) claims, to the extent that they exist.

(a) General Unsecured Claims: $92,200.00

Dividend: two and one half (2.5%) percent to be paid within thirty (30) days of the Effective Date. The payment will be two thousand three hundred five ($2,305.00) dollars.

(2) *Impairment.* This class will be impaired.

(3) *Treatment.* Class Two allowed claims shall receive a two and one-half (2.5%) percent dividend, which is two thousand three hundred five ($2,305.00) dollars and which will be distributed pro-rata, within thirty (30) days of the Effective Date. No further payments will be made to the Class Three (3) Claimants.

**Upon a liquidation, the Class Two (2) creditors would receive 2.5% dividend.**

## 2. Class Three – Claims of Equity Interest Holders

Equity interest holders are parties who hold an ownership interest in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity

interest holders include both general and limited partners. In a limited liability company, the equity interest holders are the members.

The Debtor has one (1) equity interest holder, Anthony P. Balzarini. **No payment will be made to Mr. Balzarini under this Plan.**

## D. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.01  There are no known expired leases or executory contracts.

4.02.   The Debtor may file a motion or amend this Plan to reject any contracts and leases found to be executory prior to or after Confirmation as provided under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the Bankruptcy Code).   Subject to the requirements of §365 of the Bankruptcy Code, all executory contracts or unexpired leases of the Debtor that are not rejected, have not been rejected by order of the Bankruptcy Court or are not the subject of a motion to reject pending ninety (90) days after the Confirmation Date will be deemed assumed.   If any party to an executory contract or unexpired lease which is deemed assumed pursuant to the Plan objects to such assumption, the Bankruptcy Court may conduct a hearing on such objections on any date which is either mutually agreeable to the parties or fixed by the Bankruptcy Court.

4.03.   All payments to cure defaults that may be required by §365(b)(1) of the Bankruptcy Code will be made by the Debtor.   In the event of a dispute regarding the amount of any such payments or the ability of the Debtor to provide for adequate assurance of future performance, the Debtor will make any payments required by § 365(b)(1) of the Bankruptcy Code after the entry of a Final Order resolving such dispute.

4.04    All Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy Court within thirty (30) days from and after the date of entry of an order of the Bankruptcy Court approving such rejection or such Claims will be barred.  A creditor whose claims arise from rejection of executory contracts and unexpired leases will be treated as an unsecured creditor.

## E. MEANS AND PROVISIONS FOR EFFECTUATING AND EXECUTING THE PLAN

5.01. **Ordinary Course Business Obligations.** Post-petition claims shall be paid in the course of business. The Debtor has paid all post-petition obligations in the ordinary course of business and there are no post-petition liabilities due. The Debtor has filed all tax returns which are due.

5.02. **Plan and Modified Secured Claim Payments** The Debtor will pay the claims described above from its income, earnings generated post-confirmation, from any reserves accumulated,

10

and from the rental of the real property located at 16 Massasoit Avenue, Pocasset (Bourne), Massachusetts.

5.03. **Participation in Distribution** In order to participate in the distribution under this Plan, a proof of claim must be filed with the Bankruptcy Court on or before the Bar Date established by the Court, March 4, 2016, unless scheduled by the Debtor as liquidated in amount, not disputed and not contingent in which event the claim will be allowed as scheduled.

5.04. **Confirmation** shall mean the date upon which the Bankruptcy Court enters an order confirming the Plan under § 1129 of the Bankruptcy Code.

5.05. **Effective Date** shall mean thirty (30) days following the first business day following the last day on which an appeal from an order of the Court confirming the Debtor's Plan of Reorganization may be taken under applicable law and no such appeal has been taken or, if any appeal has been taken, the first business day following the date upon which all appeals have been exhausted and the Plan may be put into effect, whichever is later. For purposes of distribution hereunder the phrase '"paid upon the Effective Date" shall mean on the Effective Date or within a reasonable period thereafter so as to allow the writing and mailing of dividend checks such order is pending whichever is later.

5.06. **As of the Confirmation,** the property of the estate created under § 541 of the Bankruptcy Code shall be vested in Debtor free and clear of any and all claims except as otherwise provided in the Plan of Reorganization or in the order of the Bankruptcy Court confirming the Plan.

5.07. **Modification** A Chapter 11 Plan of Reorganization by individual Debtor may be modified at any time after confirmation before completion of payments regardless if substantially consummated, for the purpose of modifying the amount, duration or distribution of plan payments; 11 U.S.C. §1127(e).

5.08. **Discharge of Debts after all Plan Payments are made** Debts are discharged under a Debtor's plan upon order of the Court after all plan payments have been made pursuant to 11 U.S.C. §1141(d)(5)(A).

5.09. **Discharge of Debts Under Other Circumstances** Debts of a Debtor may be discharged prior to completion of all plan payments, after notice and a hearing, if the value distributed to unsecured creditors is not less than what would be received under Chapter 7, modification of the Plan is impracticable and the Debtor is not subject to §522(q)(l) nor is there a proceeding pending in which the Debtor could be found guilty of a felony of the kind described in §522(q)(l); 11 U.S.C. §1141(d)(5)(B)

11

## F. <u>RETENTION OF JURISDICTION</u>

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Code, until the final allowance or disallowance of all claims affected by the Plan, and, in addition shall retain jurisdiction to determine the following matters:

6.01. To determine disputes over defaults alleged under the Plan provisions.

6.02. To enable the Debtor to consummate the Plan and to resolve any dispute thereto including those creditors whose claims are scheduled by the Debtor as disputed or which amounts due and payable are disputed;

6.03. To enable the Debtor to consummate any and all proceedings which it may bring prior to the entry of the order of confirmation to set aside liens or encumbrances, and to record any preferences, transfers, assets or damages to which she may be entitled under all applicable provisions of the Code of other federal, state or local law;

6.04. To hear and determine all claims arising from the rejection of any executory contracts, including leases, and to consummate the rejection of executory contracts rejected hereunder or with respect to which an application for rejection was filed prior to the entry of the order of confirmation;

6.05. To determine damages in connection with any disputed, contingent or unliquidated claims;

6.06. To adjudicate all controversies concerning the classification or allowance of any claims or interest;

6.07. To adjudicate all claims including amounts and issues relating to the validity of asserted security interests in any property of the estate including any property transferred hereunder or in any proceeds thereof;

6.08. To adjudicate all matters affecting the entry of a final decree closing the Chapter 11 case;

6.09. To adjudicate all disputes over defaults alleged under the Plan provisions;

6.10. To adjudicate all claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of this Chapter 11 case;

6.11. To recover all assets and property of the estate wherever located; and

6.12. To enter such other orders as are necessary or appropriate to carry out the provisions of this Plan.

12

## G. CRAM DOWN PROVISIONS UNDER 11 U.S.C. § 1129

Pursuant to 11 U.S.C. § 1129(b)(1), the Plan may be confirmed if all the requirements for Plan confirmation under 11 U.S.C. § 1129 (a) are met and at least **one** (1) impaired class accepts the Plan under the voting structure outlined in paragraph E above provided the Plan does not (1) discriminate unfairly and (2) is fair and equitable with respect to all the impaired classes which do not accept the Plan.  The Debtor asserts that its Plan does not discriminate unfairly against any class and is fair and equitable to all impaired classes.

For example, if the general unsecured creditors under Class One of the Plan reject the Plan and the Debtor seeks to exercise the so-called "CRAM DOWN" powers under 11 U.S.C. § 129(b)(10), than the holders of equity interests may not retain any property unless the Class One general unsecured creditors are paid in full.  Under the new value exception to this so-called "Absolute Priority Rule," however, the holders of equity interests may retain this property if they make a fresh contribution in money or money's worth, reasonably equivalent to the property retained.  In setting forth this general rule of law, the Debtor makes no representations as to the value of the property being retained.

Respectfully Submitted,
Balzarini Realty, LLC,
by its attorney,


Dated: April 21, 2017                                   /s/ Laurel E. Bretta
                                                        Laurel E. Bretta, Attorney
                                                        Bretta Law Advisors, P.c.
                                                        77 Mystic Avenue
                                                        P.O. Box 110
                                                        Medford, Massachusetts 02155
                                                        Telephone: (781) 395-0090
                                                        Telecopy:  (781) 395-1545
                                                        Email: bglaw@lbretta.com
                                                        BBO # 547358

## CERTIFICATE OF SERVICE

I, Laurel E. Bretta, attorney for the Debtor, Balzarini Realty, LLC hereby certify that a true copy of the foregoing Motion to Amend and Approve Second Amended Plan of Reorganization and Debtor's Second Amended Plan of Reorganization were served on April 21, 2017, to the following:

by electronic mail to:

| | |
|---|---|
| John Fitzgerald, Esquire | USTPRegion01.BO.ECF@USDOJ.GOV |
| Eric K. Bradford, Esquire | Eric.K.Bradford@USDOJ.gov |
| Timothy Larson, Esquire | bankruptcy@orlansmoran.com |
| | Anhsom@4stechnologies.com; tlarson@orlansmoran.com |
| Michael E. Swain, Esquire | bankruptcy@orlansmoran.com |
| | Michael@attorneyswain.com;anhsom@4stechnologies.com |
| Martin A. Mooney, Esquire | tshariff@schillerknapp.com; tshariff@ecf.courtdrive.com |
| | kcollins@schillerknapp.com |
| Daniel P. Murphy, Esquire | bankruptcyNE@orlans.com; anhson@4stechnologies.com |

by first class mail, postage prepaid in a sealed envelope, deposited in a post office or official depository under the exclusive custody of the United States Postal Service to:

Rushmore Loan Management Services, LLC
By Assignment from Ditech Financial LLC
fka Green Tree LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA 92618

Ditech Financial, LLC
(Proof of Claim Address)
P.O. Box 0049
Palatine, IL 60055

Ocwen Loan Servicing, LLC
P.O. Box 24738
West Palm Beach, FL 33416-4738
Ocwen Loan Services, LLC
12650 Ingenuity Drive
Orlando, FL 32826

Town of Bourne
24 Perry Avenue
Buzzards Bay, MA 02532-3441

Town of Franklin
Office of the Collector of Taxes
P.O. Box 981045
Boston, MA 02298-1045

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Roby's Energy Services
2576 W. 878 County Road
West Wareham, MA 02576

Paul Lambert, Esquire
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851

Deutsche Bank National Trust Company
as Trustee of the IndyMac INDX Mortgage
Loan Trust 2005-AR2-Mortgage Pass
Through Certificates, Series 2005-AR2
under the pooling and servicing agreement
dated January 1, 2005, its
successors or assigns
c/o OneWest Bank FSB
(address from assignment of mortgage)
888 East Walnut Street
Pasadena, CA 91101

Anthony P. Balzarini
6 High Street
Plainville, MA 02762

15

Dated: April 21, 2017

/s/ Laurel E. Bretta
Laurel E. Bretta, Attorney
Bretta Law Advisors, P.C.
77 Mystic Avenue
P.O. Box 110
Medford, Massachusetts 02155
Telephone:  (781) 395-1545
Telecopy:  (781) 395-0012
Email:  bglaw@lbretta.com
BBO #547358

S:\S1\B\BALZARINI REALTY, LLC\CHAPTER 11 BANKRUPTCY\PLAN AND DISCLOSURE STATEMENT\2nd AMENDED PLAN & DISCL STMNT\2nd Amded Plan Of
Reorganization 04-21-17.Docx